### COOK v. ACTON, et al.
No. 67-17862.

Circuit Court, Dade County.

April 9, 1968.

Feldman & Abramson, Miami, for plaintiff.

Blackwell, Walker & Gray, Miami, for the defendants Acton, Yates and Eney.

Fleming, O'Bryan & Fleming, Fort Lauderdale, and Carey, Dwyer, Austin, Cole & Selwood, Miami, for defendant Robertson.

George A. Buchmann, South Miami, for the South Miami Hospital.

DAVID POPPER, Circuit Judge.

This matter came on for consideration on the motion of a defendant in this cause, George W. Robertson, requesting an order of the court compelling a witness, South Miami Hospital,

to surrender its original hospital records pertaining to the plaintiff, Herman Cook, to be placed in the court file. The motion proposed that the hospital be supplied photostatic copies of the original records, which would be returned upon the completion of the litigation.

The agreed facts on which this order is entered are as follows. The case is a malpractice action but the South Miami Hospital is not a party. The defendant, Robertson, obtained a witness subpoena duces tecum directing the records custodian of the hospital to appear for a deposition with the original hospital records on the patient. The records custodian did appear and produced the original records at the time appointed for the deposition. At the conclusion of the deposition, the deposing attorney requested that the original records be left with the court reporter to be filed in the clerk's office with the deposition. He offered to supply photocopies of the original records to the hospital. The hospital declined to leave its original records. The defendant, Robertson, then filed the motion referred to above.

The court has heard argument of counsel for the movant and the South Miami Hospital, and has reviewed the memoranda of law submitted by them. It appears that the legal question presented has not been decided by any case reported in Florida. Thus, it seems to be a matter of first impression.

The Florida Rules of Civil Procedure are silent as to the question here presented. Rule 1.410 provides for the issuance of the subpoena for the production of documentary evidence by a witness.

Florida Rule of Civil Procedure 1.350 deals only with parties, and pertains to the discovery and production of documents. However, this rule does give a clue to the answer. An adverse party may, by order of the court, be required to produce documents and other evidentiary matters in their possession, *but only for inspection and for taking copies and photographs of them.* If this is the most that can be required of an adverse party, it would seem ridiculous to make a stronger requirement of a disinterested witness.

The court finds the law to be that records and documents and other evidentary matter produced in obedience to a subpoena duces tecum remain under the control of the person to whom the subpoena is directed, and he cannot be required to deposit or leave them in the custody of the deposing attorney, the court reporter, the clerk of the court, or the officer conducting the examination. The evidence produced must be returned to the

witness at the conclusion of the deposition or trial after such use or examination of them has been made as is necessary and proper. See 97 C.J.S., *Witnesses*, §25(i).

Based upon the foregoing, the motion before the court is denied.